UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| WILLIAM TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL UNION 510, et al.,<br><br>Defendants. | Case No. 26-cv-01388-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 3 |

William Taylor, proceeding without attorney representation, sues his union, Local 510 of the International Union of Painters and Allied Trades ("IUPAT"), and various union officials ("the Union"). The same day he filed his complaint he filed a motion for a preliminary injunction ordering the Union to permit him to attend and participate in Union membership meetings. After carefully considering Mr. Taylor's motion, and having had the benefit of oral argument on April 9, 2026, the Court DENIES Mr. Taylor's motion. Mr. Taylor has not established a likelihood of success, or even serious questions going to the merits, because the record shows he has unpaid disciplinary fines which means he is not a member in good standing, and the Union's constitution and bylaws provide that a member not in good standing may be excluded from Union membership meetings. And, because the Union confirmed at oral argument he could attend membership meetings if he pays half the fine amount ($3,500.00), he has also not established irreparable harm nor that the balance of equities tips in his favor.

## PRELIMINARY INJUNCTION LEGAL STANDARD

To obtain a preliminary injunction, Mr. Taylor must establish that (1) he is "likely to succeed on the merits," (2) he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [his] favor," and (4) "an injunction is in the public

interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "If [Mr. Taylor] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

## DISCUSSION

Mr. Taylor has not met his burden to obtain a preliminary injunction.

### A.  Likelihood of Success or Serious Questions

Mr. Taylor has not shown a likelihood of success or serious questions going to the issue of whether the Union's barring Mr. Taylor from Union membership meetings violates the Labor-Management Reporting and Disclosure Act ("LMRDA"). While the complaint and preliminary injunction motion are not entirely clear, Mr. Taylor does not dispute the Union's assertion that he brings his claims under LMRDA sections 101(a)(1) and/or 101(a)(2). Section 101(a)(1) provides:

> (a)(1) Equal rights
>
> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1). And section 101(a)(2) states:

> (2) Freedom of speech and assembly
>
> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2). While it is undisputed the Union attempted to exclude Mr. Taylor from the

2

January 2026 Union membership meeting, and succeeded in excluding him from the February 2026 Union membership meeting, and intends to continue to do so until he becomes a member in good standing, Mr. Taylor has not on this limited record shown even a serious question as to whether the Union violated the LMRDA by doing so.

### 1. Mr. Taylor is not a Union Member in Good Standing

First, it is undisputed Mr. Taylor is not currently a Union member "in good standing." Following IUPAT Constitution and Union Bylaw procedures, in December 2024 the Union Trial Board found Mr. Taylor guilty of five charges brought by fellow union members, and fined him a total of $7,000 on the five charges and ordered him to complete a "Sexual Harassment & Abusive Conduct Prevention" class. (Dkt, Nos. 15-1 at 3 ¶ 6; 15-2 at 3 ¶ 6.)[1] The Trial Board's decision required Mr. Taylor to pay 50 percent of the fine within 30 days of the decision, and the other 50 percent was held in abeyance and would be waived if Mr. Taylor did not commit further violations within the next one to three years. (*Id.*) Mr. Taylor appealed to the IUPAT Executive Board which upheld the Trial Board's decision and penalties, and notified Mr. Taylor of the appeal decision by letters dated September 15, 2025. (Dkt. No. 15-2 at 183-190.) As Mr. Taylor confirmed at oral argument, he has not paid any of the fines. (Dkt. No. 15-2 at 4 ¶ 14.)

The IUPAT Constitution, Section 269(e), provides that if a member does not comply "with a decision handed down by a trial or appellate body", the member "shall stand suspended from all privileges of the International Union until the provisions of the decision have been complied with." (Dkt. No. 15-2 at 150.)[2] One of those "privileges" is the right to attend membership meetings. So, IUPAT Constitution Section 207 provides the Union Warden shall ensure that only "members in good standing of the Local Union" are admitted to the membership meeting. (*Id.* at 120.) Accordingly, Mr. Taylor is not a member in "good standing" due to his failure to pay his disciplinary fines and therefore not allowed to attend Union membership meetings. (*Id.* at 3 ¶¶ 9-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] The ECF-generated page number for the IUPAT Constitution is cut off at the top of the document, so record citations to the IUPAT Constitution are to the page number at the bottom of the document.

United States District Court
Northern District of California

13.)

Mr. Taylor's insistence he is in good standing because he is up-to-date on his union dues is unpersuasive. As explained above, the IUPAT Constitution provides a member "shall stand suspended from all privileges" if he does not comply with a trial board decision. Consistent with this constitutional provision, the Union's Bylaws provide at Article VII, Section 17.03:

> A member who loses their good standing because of their failure to pay dues or other obligations as required by International Constitution and these Bylaws, but who has not been expelled from membership, *may reinstate their good standing for the purpose of attending Local Union meetings and voting at elections*, *by paying* all delinquent dues *and other financial obligations* prior to such meeting and election.

(*Id.* at 176 (emphasis added).) So, the Bylaws specifically contemplate nonpayment of financial obligations other than dues also cause a member to lose his good standing "for the purpose of attending Local Union meetings."

### 2. Barring Mr. Taylor is not Likely Unlawful Under the LMRDA

In light of Mr. Taylor's lack of good standing, Mr. Taylor has not shown the Union's prohibition on his attending Union membership meetings likely violates the LMRDA.

Section 101(a)(1) gives union members the right to attend meetings "subject to reasonable rules and regulations in such organization's constitution and bylaws." 29 U.S.C. § 411(a)(1). Section 101(a)(2) similarly gives union members the right to express their opinions at meetings "subject to the organization's established and reasonable rules pertaining to the conduct of meetings." 29 U.S.C. § 411(a)(2). Mr. Taylor has not identified any case, and the Court is unaware of any, suggesting the IUPAT Constitution and Union Bylaws stripping a union member of good standing—and thus eligibility to attend union meetings—for failure to pay disciplinary fines are not "reasonable." In *Dep''t of Lab. v. Aluminum, Brick & Glass Workers Int'l Union, Loc*. 200, 941 F.2d 1172, 1177, 1179 (11th Cir. 1991), for example, the court held conditioning a union member's good standing on payment of a strike assessment appeared "fair and reasonable." *Cf. Tenorio v. N.L.R.B*., 680 F.2d 598, 600 (9th Cir. 1982) (noting that a union member is in good standing "having paid all dues and not having any outstanding fines"). And, the Ninth Circuit has held the requirement that a union member be in good standing to hold union office is a "common"

4

United States District Court
Northern District of California

and "permissible" requirement. *Chao v. Bremerton Metal Trades Council, AFL-CIO*, 294 F.3d 1114, 1123 (9th Cir. 2002). So, Mr. Taylor has not shown on this limited record that a "good standing" requirement for meeting attendance is likely unreasonable or that there is even a serious question as to its reasonableness.

Mr. Taylor's lawsuit challenges the Union's imposition of the fines and argues Defendants used his nonpayment of the fines as a pretext to bar him from the union meetings. Whether he may ultimately prevail on these arguments is not at issue on his motion for preliminary injunction; instead, at this stage he bears the burden of producing evidence that supports a finding he is likely to prevail, or at least serious questions as to whether he will. While the Court accepts his testimony union officials hold animosity toward him, such evidence alone is insufficient to show he is in fact in good standing, or that the Constitution and Bylaws are not reasonable, or that Defendants have discriminatorily enforced these rules and regulations against him in retaliation for his speech. His attestation that he knows of no other union members who have been excluded from meetings because of their lack of good standing is insufficient as he has not yet established that he would have personal knowledge of such facts.

### B. Irreparable Harm

Mr. Taylor has also failed to show he will suffer irreparable harm if a preliminary injunction is not issued. Mr. Taylor will be in good standing, and eligible to attend meetings, if he pays half of the fines—$3,500.00. The Union's counsel confirmed this status at oral argument.[3] As the United States Supreme Court has stated:

> [T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury ... The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended ... are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1964) (cleaned up). Mr. Taylor controls his eligibility to attend meetings: he pays the fines (actually, just half), and he will be in good standing. If he

---

[3] Counsel did not represent Mr. Taylor also had to attend the sexual harassment training to be in good standing sufficient to attend meetings; so, the Court will counsel to her representation that he just needs to pay the overdue $3,500.00 fine.

proves in this action the fines were unlawfully imposed, he will be compensated.  Such circumstances do not warrant the extraordinary remedy of a preliminary injunction.

### C.  Balance of Equities

For a similar reason Mr. Taylor has not shown the balance of equities tips in his favor.  As the Union notes, to permit Mr. Taylor to defy the Trial Board-imposed fines would send a message to all members the Union rules do not matter.  But all Mr. Taylor needs to do to be permitted to attend the meetings is pay the fines.

### CONCLUSION

As Mr. Taylor has not met his preliminary injunction burden on this limited record, his motion is DENIED.

This Order disposes of Docket No. 3.

**IT IS SO ORDERED.**

Dated: April 16, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

6